UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
C.C., individually and on behalf of J.C.,           **COMPLAINT**
                *Plaintiffs*,

                                                                 Civil Case No.

-against-

New York City Department of Education,
                *Defendant.*
-----------------------------------------------------X

Plaintiffs, by their attorney, Erica M. Fitzgerald, Esq. of Fitzgerald & Sadove PLLC, respectfully move this Court for an award of attorney fees associated with their prosecution of an impartial hearing under the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1415 (i)(3)(B).  The Plaintiffs, by and for their Complaint against the Defendant, set forth and allege that:

## INTRODUCTION

1. This is an action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1415(i)(3), to recover attorneys' fees and costs that Plaintiff C.C. ("Plaintiff" or "Parent") incurred in connection with administrative proceedings brought individually and on behalf of her child, J.C., against the New York City Department of Education ("NYCDOE" or "District").

2. Plaintiffs have prevailed in an administrative proceeding under the IDEIA.  As the prevailing party, Plaintiffs are entitled to recover reasonable attorneys' fees and costs associated with conducting that administrative proceeding.

3. The IDEIA also allows Plaintiffs to recover reasonable attorneys' fees and costs associated with bringing and litigating this action itself.

4. The IDEIA's fee-shifting provisions, 20 U.S.C. § 1415(i)(3), are consistent with the remedial nature of the statute.  The IDEA was intended to remedy a situation in which

1

children with disabilities were unserved.  See <u>Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley</u>, 458 U.S. 176, 189 (1982).  The fee-shifting provisions contribute to the overall statutory scheme of providing "procedures which would result in individualized consideration of and instruction for each child." <u>Id.</u>

5. The IDEIA attorneys' fees provision, as set forth at § 20 U.S.C. § 1415(i)(3) serves the important public purpose of helping to ensure that parents of students with disabilities have access to attorneys without regard to income.

## THE PARTIES

6. Plaintiff J.C. is a minor child and student.  Due to J.C.'s learning disabilities, J.C. is a "child with a disability" within the meaning of 20 U.S.C. § 1401(3)(A).

7. Plaintiff C.C. is J.C.'s mother.  C.C. is the "parent" of J.C. within the meaning of 20 U.S.C. § 1401(23).

8. Plaintiffs reside within the boundaries of the New York City Department of Education or resided there during all points relevant to the hearing and to this action.

9. Upon information and belief, the identity of Plaintiffs is well-known to Defendant.

10. Defendant, the New York City Department of Education, has its principal place of business at 52 Chambers Street, New York, New York 10007.

11. Defendant, a municipal corporation created pursuant to N.Y. Educ. Law art. 52-A (McKinney 2017), is the agency charged with the obligation to provide J.R. with a free and appropriate public education ("FAPE") in accordance with the mandates of the IDEIA and the New York State Education Law.

12. Defendant is a "local educational agency" within the meaning of 20 U.S.C. 1401(19).

## JURISDICTION AND VENUE

13. This United States District Court for the Southern District of New York has jurisdiction over Plaintiffs' federal claim for an award of reasonable attorneys' fees to a prevailing party in an administrative proceeding under the IDEIA, pursuant to 20 U.S.C. § 1415(i)(3)(A), and as an action raising a federal question under 28 U.S.C. § 1331. Supplemental jurisdiction of related claims arising under state law is present pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) in that Plaintiffs and Defendant all reside in or are situated within this Judicial District.

## STATEMENT OF FACTS

15. On November 21, 2019, Plaintiff C.C. retained the services of Fitzgerald & Sadove PLLC for the purpose of requesting an impartial due process hearing against the Defendant pursuant to the IDIEA and New York State law regarding Defendant's failure to provide J.C. with a FAPE for the 2018-2019 and 2019-2020 school years.

16. Fitzgerald & Sadove PLLC's office is located at 75 S. Broadway, 4th Floor, White Plains, New York 10601.

17. On March 25, 2020, Fitzgerald & Sadove PLLC filed a Due Process Complaint ("DPC") requesting an impartial hearing on Plaintiffs' behalf. The DPC alleged that Defendant failed to offer J.C. a FAPE as required by the IDIEA and state law, and requested relief. 20 U.S.C. § 1412(a)(1) and N.Y. Educ. Law § 4404(a).

18. On August 26, 2020, Impartial Hearing Officer ("IHO") Lisa Eastwood was duly appointed to preside over the matter.

19. The matter was captioned as IHO # 193370.

20. Prior to the start of the Impartial Hearing, Plaintiffs' counsel participated with the District in a resolution session regarding the relief requested by the Plaintiff. The parties failed to reach a resolution.

21. The Parties participated in a prehearing conference on August 31, 2020. An administrative hearing was conducted on September 24, 2020.

22. Petitioner's counsel submitted a post hearing brief on October 1, 2020.

23. On October 5, 2020, IHO Eastwood issued a Findings of Fact and Decision in the instant matter. The decision was filed with the Impartial Hearing Office on January 6, 2021.

24. IHO Eastwood's Findings of Fact and Decision awarded 574 hours of compensatory educational services, including educational testing, at or up to the rate charged by Huntington Learning Center as of the date of the decision.

25. Defendant has waived its right to administratively appeal IHO Eastwood's decision, since the time limit for bringing such an appeal has lapsed. N.Y. Educ. Law § 4404(3).

26. C.C. had the assistance of counsel, Fitzgerald & Sadove PLLC, a law firm, which represented C.C. by, *inter alia*, drafting and filing the Due Process Complaint herein described, negotiating the provision of relief with Defendant, preparing for and conducting the administrative hearing before IHO Eastwood, and drafting a post hearing brief.

27. On February 23, 2021, Plaintiff, through her attorneys, submitted a Fee Demand to Defendant in the amount of Sixteen Thousand Five Hundred Thirty Dollars ($16,530.00).

28. On February 23, 2021, Defendant acknowledged receipt of Plaintiff's Fee Demand. On February 26, 2021, the Defendant provided contact information for staff member Armelle Hillman, who was assigned to the matter.

29. On February 26, 2021, Plaintiffs' counsel contacted Ms. Hillman and requested information regarding when Plaintiffs could expect to begin negotiating the attorneys' fees. Ms. Hillman ignored the Plaintiffs' communication.

30. On May 4, 2021, Plaintiffs' counsel again contacted Ms. Hillman and requested information regarding when Plaintiffs could expect to begin negotiating the attorneys' fees. Again, Plaintiffs received no response from Defendant.

31. To date, Defendant has made no attempt to negotiate fees.

32. This action is brought one hundred sixty eight days (168) days after the filing of IHO Eastwood's decision. Accordingly, it is brought within the applicable limitations period.

## PLAINTIFFS' CAUSES OF ACTION

### FIRST CAUSE OF ACTION

33. Plaintiffs repeat and reallege Paragraphs 1 to 32 as if set forth at length herein.

34. Based upon Plaintiffs' having obtained substantial relief in the underlying administrative proceeding, Plaintiffs are the "prevailing party" and are entitled to reasonable attorneys' fees and costs associated with the administrative proceedings. 20 U.S.C. § 1415(i)(3).

35. To recover the attorneys' fees and costs claimed in Paragraph 27, *supra*, it is necessary for Plaintiffs to commence the instant civil action.

36. Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiffs should be awarded the attorneys' fees and costs in this action, including those that may accrue subsequent to the date of this Complaint.

### SECOND CAUSE OF ACTION

37. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 36 as if set forth at length herein.

38. Defendant has, upon information and belief, acted in bad faith by representing that it was settling actions, and then unduly delaying, through inappropriate practices and assigning inadequate staff, the payment of attorneys' fees, necessary for the provision of FAPE.

39. Plaintiffs have relied on the representations of Defendant that it intended to negotiate fees with Plaintiff, to its detriment, as such negotiations have failed to take place.

40. Plaintiff was the prevailing party at the impartial hearing, and as such should receive an award of attorneys' fees within a reasonable time frame.

41. Principles of equity demand such relief.

(The remainder of this page intentionally left blank)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

1. Assume jurisdiction of this action;

2. Deem Plaintiffs to be the prevailing party;

3. Award Plaintiffs' attorneys' fees, costs, and expenses for the underlying administrative proceedings pursuant to 20 U.S.C. § 1415;

4. Award Plaintiffs' attorneys' fees, costs, and expenses for this action pursuant to 20 U.S.C. § 1415; and

5. Grant such other and further relief as this Court may deem just and proper.

Dated: June 23, 2021
New Rochelle, New York

By: _/s/ Erica Fitzgerald_____
ERICA M. FITZGERALD, ESQ.
Bar No.: EF 3962
Fitzgerald & Sadove PLLC
75 S. Broadway, 4th Floor
White Plains, New York 10601
Tel: (914) 304-4017
Fax: (914) 612-7135
efitzgerald@fitzgeraldsadove.com